IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALBERTO MUNOZ-VILLALON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-123 |
| | § | Criminal No. B:15-288-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 9, 2017, Petitioner Jose Alberto Munoz-Villalon filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be denied as untimely filed, or alternatively, as meritless.

### I. Procedural and Factual Background

On April 7, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Munoz-Villalon for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Munoz-Villalon, Criminal No. 1:15-288-1, Dkt. No. 6 (hereinafter "CR").

---

[1] While the indictment also alleged that Munoz-Villalon had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

**A. Re-Arraignment**

On May 20, 2015, Munoz-Villalon appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 12.

The Court established that Munoz-Villalon had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 31, pp. 3-69.  Munoz-Villalon informed the Court that he had not been forced to plead guilty. Id.  Munoz-Villalon also stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id.  The Court further explained that as a result of pleading guilty, Munoz-Villalon gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id.  Munoz-Villalon confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id.

Munoz-Villalon also stated that his attorney discussed his constitutional rights with him. CR Dkt. No. 31, pp. 15-16.  He also stated that his attorney had discussed the immigration consequences of his plea with him. Id, pp. 27-28.  Munoz-Villalon also stated that his attorney discussed with him the sentencing guidelines and how they might apply to his case. Id, p. 30.  He further stated that his attorney had explained to him the sentencing process in a way that he could understand. Id, pp. 33-34.

Having stated that he understood all of his rights, Munoz-Villalon entered a plea of guilty to the charge of illegally re-entering the United States. Id.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Munoz-Villalon's guilty plea. CR Dkt. No. 12.

On August 24, 2015, the District Judge adopted the report and recommendation, accepting Munoz-Villalon's plea of guilty. CR Dkt. No. 21.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Munoz-Villalon was assessed a base offense level of eight. CR Dkt. No. 16, pp. 5-6. He was also assessed a 16-level enhancement for a prior conviction for a crime of violence – a 2003 state conviction for attempted arson. Id. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Munoz-Villalon was assessed a total offense level of 21. Id.

Regarding his criminal history, Munoz-Villalon had eleven adult criminal convictions and was assessed six criminal history points. CR Dkt. No. 16, p. 6-12. He was assessed an additional two criminal history points because he was on federal supervised release at the time he committed the instant offense. Id. Thus, he was assessed eight total criminal history points, resulting in a criminal history category of IV. An offense level of 21 and criminal history category of IV, produced a sentencing guideline imprisonment range of 57 to 71 months.

On August 24, 2015, the Court sentenced Munoz-Villalon to 66 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 33.[2] The judgment was entered on September 15, 2015. CR Dkt. No. 23.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Munoz-Villalon's deadline for filing a notice of direct appeal passed on September 29, 2015. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On June 9, 2017, Munoz-Villalon filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. Munoz-Villalon raises two claims: (1) his counsel was ineffective for not objecting to the 16-level enhancement for his prior attempted arson conviction; (2) his attorney was ineffective

---

[2] Additionally, Munoz-Villalon's supervised release, for his prior illegal re-entry conviction, was revoked and he was sentenced to eight months of incarceration, with all eight months to be served consecutively to his sentence in the instant case. CR Dkt. No. 33, pp. 9-10.

3

for failing to advise him "about the consequences of pleading guilty." Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Munoz-Villalon seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the petitioner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Munoz-Villalon's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

#### A. Timeliness

Munoz-Villalon's § 2255 motion is untimely filed and should be dismissed for that reason.

Judgement in this case was entered on September 15, 2015. CR Dkt. No. 23. On September 29, 2015, Munoz-Villalon's deadline to file a notice of direct appeal expired. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Munoz-Villalon's conviction became final on that date. U.S.

v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

A defendant must file a § 2255 motion within one year of his conviction becoming final. 28 U.S.C. § 2255(f)(1). Thus, Munoz-Villalon had until September 29, 2016, to timely file his § 2255 petition.

Munoz-Villalon certifies that he placed his motion into the prison mail system on June 6, 2017. Dkt. No. 1, p. 3. Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Accordingly, after taking into account the prison mailbox rule, Munoz-Villalon's § 2255 motion was almost nine months late.

Furthermore, there is no basis in the record for equitable tolling. Munoz-Villalon offers no reason for why his petition was untimely filed and none is apparent from the record.

Accordingly, Munoz-Villalon's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. Crime of Violence

Munoz-Villalon argues that his lawyer was ineffective for failing to object to the 16-level enhancement for a prior crime of violence. This claim is meritless.

Under the Sentencing Guidelines in effect at the time of Munoz-Villalon's sentence, a crime of violence specifically included "arson." U.S.S.G. § 2L1.2 Application Note 1(B)(ii)(II) (2015). The Fifth Circuit has held that a Texas conviction for arson qualifies as a crime of violence under § 2L1.2. U.S. v. Velez-Alderete, 569 F.3d 541, 543 (5th Cir. 2009). Furthermore, "[a]n attempt to commit an offense that qualifies as a crime of violence is also a crime of violence." U.S. v. Tzep-Mejia, 461 F.3d 522, 525 n. 4 (5th Cir. 2006). Accordingly, the Court did not err in assessing the 16-level enhancement.

Because the Court did not err, counsel was not ineffective for failing to object to the enhancement. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections."). Accordingly, this claim is meritless and should be denied.

### C. Consequences of Guilty Plea

Munoz-Villalon contends that his attorney was ineffective for failing to explain to him the consequences of his guilty plea. This claim is conclusory and belied by the record and should be denied.

As an initial matter, Munoz-Villalon does not explain which consequences his attorney failed to explain to him and how they impacted his decision to plead guilty. This is a conclusory allegation with no factual basis to support it. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)). In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

To the extent that Munoz-Villalon does raise such an issue, his claim is contradicted by the record. As the Court previously noted, at his re-arraignment, Munoz-Villalon stated under oath that his attorney discussed his constitutional rights, the immigration consequences of his plea, the sentencing guidelines and how they might apply to his case as well as the sentencing process in a way that he could understand. Dkt. No. 31, pp. 15-16, 27-28, 30, 33-34.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Munoz-Villalon testified under oath that his attorney explained all of his rights to him as well as the consequences of his guilty plea. He has provided no evidence to overcome the strong presumption of verity. Accordingly, this claim is belied by the record and should be denied.

### IV. Recommendation

Wherefore, it is recommended that the Petitioner Jose Alberto Munoz-Villalon's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Munoz-Villalon's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Munoz-Villalon's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on July 13, 2017.

                                                  _____
                                                  Ronald G. Morgan
                                                  United States Magistrate Judge